


ENTERED
05/20/2021

**IN THE UNITED STATED BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **PORTER DEVELOPMENT PARTNERS, LLC** | § | **CASE NO: 15-31305** |
| **and** | § | |
| **WB MURPHY ROAD DEVELOPMENT, LLC** | § | |
| **and** | § | |
| **CREEKMONT PLAZA PARTNERS, L.P.** | § | |
| **and** | § | |
| **CREEKMONT PLAZA PARTNERS GP, LLC** | § | |
| **and** | § | |
| **REPLACEMENT SANCTUARY GP, LLC** | § | |
| **and** | § | |
| **WB SANCTUARY GP, LLC** | § | |
| **and** | § | |
| **WB CHANCEL GP, LLC** | § | |
| **and** | § | |
| **WB 2610, LLC** | § | |
| **and** | § | |
| **MEADOW CREST DEVELOPERS 226, L.P.** | § | |
| **and** | § | |
| **MEADOW CREST DEVELOPERS GP, LLC** | § | |
| **and** | § | |
| **MORTON & PORTER, L.P.** | § | |
| **and** | § | |
| **MORTON & PORTER GP, LLC** | § | |
| **and** | § | |
| **RIATA WEST INVESTMENT, LLC** | § | |
| **and** | § | |
| **LAKECREST VILLAGE INVESTMENTS, LLC** | § | |
| **and** | § | |
| **WB REAL ESTATE HOLDINGS, LLC** | § | |
| **and** | § | |
| **US PUBLIC - PRIVATE REAL ESTATE FUND I, LP** | § | |
| **and** | § | |
| **WALLACE BAJJALI INVESTMENT FUND II, LP** | § | |

| | | |
|---|---|---|
| **and** | § | |
| **WEST HOUSTON WB REALTY FUND, LP** | § | |
| **and** | § | |
| **WBIF II GP, LLC** | § | |
| **and** | § | |
| **WB SUBSTITUTE GP, LLC** | § | |
| **and** | § | |
| **PPP MANAGEMENT, LLC** | § | |
| | § | |
| **WB MURPHY ROAD DEVELOPMENT, LLC** | § § | **CASE NO: 15-31307** |
| | § | |
| **CREEKMONT PLAZA PARTNERS, L.P.** | § | **CASE NO: 15-31362** |
| | § | |
| **CREEKMONT PLAZA PARTNERS GP, LLC** | § § | **CASE NO: 15-31363** |
| | § | |
| **REPLACEMENT SANCTUARY GP, LLC** | § | **CASE NO: 15-31760** |
| | § | |
| **WB SANCTUARY GP, LLC** | § | **CASE NO: 15-31761** |
| | § | |
| **WB CHANCEL GP, LLC** | § | **CASE NO: 15-31762** |
| | § | |
| **WB 2610, LLC** | § | **CASE NO: 15-31763** |
| | § | |
| **MEADOW CREST DEVELOPERS 226, L.P.** | § § | **CASE NO: 15-31764** |
| | § | |
| **MEADOW CREST DEVELOPERS GP, LLC** | § § | **CASE NO: 15-31765** |
| | § | |
| **MORTON & PORTER, L.P.** | § | **CASE NO: 15-31766** |
| | § | |
| **MORTON & PORTER GP, LLC** | § | **CASE NO: 15-31767** |
| | § | |
| **RIATA WEST INVESTMENT, LLC** | § | **CASE NO: 15-31768** |
| | § | |
| **LAKECREST VILLAGE INVESTMENTS, LLC** | § § | **CASE NO: 15-31769** |
| | § | |
| **WB REAL ESTATE HOLDINGS, LLC** | § | **CASE NO: 15-31770** |
| | § | |
| **US PUBLIC - PRIVATE REAL ESTATE FUND I, LP** | § § | **CASE NO: 15-31771** |
| | § | |

| | | |
|---|---|---|
| **WALLACE BAJJALI INVESTMENT FUND II, LP** | § § § | **CASE NO: 15-31772** |
| **WEST HOUSTON WB REALTY FUND, LP** | § § | **CASE NO: 15-31773** |
| **WBIF II GP, LLC** | § § | **CASE NO: 15-31774** |
| **WB SUBSTITUTE GP, LLC** | § § | **CASE NO: 15-31775** |
| **PPP MANAGEMENT, LLC,** | § § | **CASE NO: 15-31776** **Jointly Administered** |
| **Debtors.** | § § | **CHAPTER 7** |

**MEMORANDUM OPINION AND ORDER**

***Resolving 15-31305, ECF No. 675; 15-31307, ECF No. 323; 15-31770, ECF No. 139; and 15-31772, ECF No. 135***

Pending before the Court is a matter self-styled as "Wayne English's and James Colling's Motion for New Trial, Motion for Rehearing, and Motion to Modify, Correct, or Reform the Judgment Granting the Trustee's Motion for Summary Judgment," ("*Motion*") filed in Case Nos. 15-31305,[1] 15-31307,[2] 15-31770,[3] and 15-31772.[4] Although filed under four separate case numbers, the Motion is substantively the same for all. For the reasons below, this Court finds that the Motion should be denied.

## I. Analysis

### A. Legal Standard

There is no specific provision for a motion to reconsider under the Federal Rules of Civil Procedure.[5] In the Fifth Circuit, a motion to reconsider may be brought under Rule 54(b) or Rule 59(e).[6] Whereas Rule 59(e) applies only to final judgments and does not permit consideration of arguments that could have been raised previously, Rule 54(b) applies to interlocutory judgments and permits a district court to reconsider and reverse its decision for any reason.[7] "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from

[1] ECF No. 675.

[2] ECF No. 323.

[3] ECF No. 139.

[4] ECF No. 135.

[5] *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."); *United States v. Fisch*, No. H-11-722, 2018 WL 1541780, at *3 (S.D. Tex. Mar. 28, 2018).

[6] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336–38 (5th Cir. 2017).

[7] *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018); *MetroPCS v. Fiesta Cell Phone & Dish Network, Inc.*, No. H-16-3573, 2017 WL 6888531, at *1 (S.D. Tex. Oct. 3, 2017) (when analyzing a motion to reconsider under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.").

interlocutory judgments as justice requires."[8] In *Austin*, the Fifth Circuit held that when a district court applies the more stringent Rule 59(e) standard in denying a motion to reconsider an interlocutory order, it must be vacated and remanded for the district court to consider the motion for reconsideration under the more flexible Rule 54(b).[9] Here, James Colling and Wayne English's ("*Petitioners*") Motion seeks relief pursuant to Rule 59(e)[10] and this Court's orders granting Trustee's Motion for Summary Judgment against Petitioners[11] were final orders disallowing late filed claims. Therefore, Rule 59(e) applies.

**B. Petitioners' Motion**

The Court considers whether Petitioners' Motion raises newly discovered evidence, a manifest error of law or fact, or an intervening change in controlling law.[12] Petitioners contend that they uncovered new evidence after this Court's summary judgment order was entered and that this Court committed clear error of law and fact.

**1. Newly Discovered Evidence**

Petitioners argue that previously, Petitioners "could not find any public document showing the ownership of Fund II in WBREH partnership[,]" but now have franchise tax returns of Porter and Murphy, obtained through a public records request, reflecting the ownership interest of WBREH to be 63% and 56% respectively.[13] Petitioners also believe that master partnership tax returns from the IRS, which the IRS denied Petitioners access to, would show "the source of income and ownership of the various partnerships entitles [sic] by Fund II."[14]

Petitioners newly discovered evidence argument fails. Newly discovered evidence "cannot be used to raise arguments that could, and should, have been made before the judgment issued."[15] Petitioners admit that the Trustee recognized that Fund II had 74% ownership interest in WBREH in his Motion for Summary Judgment.[16] Thus, it makes no difference if Petitioners could not find a public document reflecting that information, because it was undisputed by the Trustee. Moreover, the Trustee denies Petitioners' allegations that they were denied access to certain business records of Fund II.[17] The Trustee's response to Petitioners' Motion alleges that the Trustee never received formal or informal requests for Fund II's franchise tax reports and that the Trustee offered Petitioners unfettered access to Fund II's business records on numerous occasions.[18] Petitioners offered no evidence that their requests for business records reflecting ownership interests were "blocked" by the Trustee and the accountant and Petitioners were able to obtain the necessary information through a public records request. Therefore, the evidence

[8] *Austin*, 864 F.3d at 337 (internal quotation marks omitted).
[9] *Id.*
[10] ECF No. 675 at 1.
[11] 15-31305, ECF Nos. 666, 667. Because each of the Motions for Reconsideration are substantively identical, along with the ECF Nos. cited therein, this Court will refer only to Case No. 15-31305, but this Order applies equally to all case numbers identified in the first paragraph.
[12] *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).
[13] ECF No. 675 at 7–9, ¶¶ 17–18.
[14] *Id.* at 8–9, ¶ 18.
[15] *Schiller*, 342 F.3d at 567.
[16] ECF No. 675 at 7, ¶ 16.
[17] ECF No. 681 at 3, ¶ 13.
[18] *Id.*

presented by Petitioners' Motion is not evidence that was undiscoverable at the time of Trustee's Motion for Summary Judgment and could and should have been raised before this Court entered its order.

**2. Clear Error of Law and Fact**

Petitioners assert that "[a]s equity holders of Fund II, [we] have an ownership interest in WBREH and in both the Porter and Murphy partnerships and "should be entitled to a valid claim and an equitable distribution of any funds distributed by Porter, Murphy, and WBREH partnerships."[19] Petitioners conclude that because similar creditors in a bankruptcy filing are entitled to equitable treatment and the Trustee has or will distribute funds from the Porter, Murphy, WBREH, and Fund II bankruptcy estates to other investors and limited partners of Fund II, their equity claims should be allowed.[20]

As this Court stated on the record at the hearing on Trustee's Motion for Summary Judgment, there is no evidence that Petitioners have a claim beyond Fund II. Petitioners now attach a contribution agreement to their Motion, which was mentioned at hearing, but not provided at the time. Petitioners were aware of the contribution agreement at the hearing and they should have presented it then. Additionally, Petitioners raised their argument that similarly situated creditors should be treated equitably at the hearing and that argument was denied by this Court. Petitioners have not presented any reason as to why this Court should reconsider that argument now.

Petitioners have not pointed to newly-discovered evidence, established a manifest error of law or fact, identified any complete disregard or intervening change of the controlling law, or made any showing that it is in the interest of justice that this Court amend or alter its summary judgment order. Accordingly, this Court denies Petitioners' Motion.

**II. Conclusion**

For the reasons stated herein, it is therefore:

**ORDERED** that

1. Wayne English's and James Colling's Motions for New Trial, Motions for Rehearing, and Motions to Modify, Correct, or Reform the Judgment Granting the Trustee's Motion for Summary Judgment is DENIED.

SIGNED May 20, 2021

Eduardo Rodriguez
United States Bankruptcy Judge

---

[19] ECF No. 675 at 9–10, ¶¶ 19–20.
[20] *Id.* at 10–11, ¶¶ 20–21